IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER DEMING-ARCHAMBAULT, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 17-1652 |
| v. | ) ) | Judge Cathy Bissoon |
| LENNOX INTERNATIONAL, | ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM ORDER

Pending before the Court are several motions from Defendant, Lennox International, and Plaintiff, Christopher Deming-Archambault, concerning Plaintiff's retaliation claim under the Family and Medical Leave Act ("FMLA") and Defendant's request for sanctions. For the reasons below, the Court will resolve the pending requests as follows:

- Defendant's Motion for Leave to File Reply Brief (Doc. 18) will be denied;

- Defendant's Motion for Judgment on the Pleadings (Doc. 7) will be granted, and the FMLA claim will be dismissed;

- Defendant's request for involuntary dismissal of the FMLA claim (Doc. 10) will be denied as moot;

- Defendant's request for attorneys' fees as a sanction (Doc. 10) will be granted in part, in the amount of $4,900.00 against Kraemer, Manes & Associates LLC, the firm representing Plaintiff;

- Plaintiff's request for oral argument (Doc. 15) will be denied;

- Plaintiff's request for leave to file an amended complaint adding claims under the Americans with Disabilities Act ("ADA") (Doc. 15) will be granted.

## BACKGROUND

Plaintiff initiated this lawsuit on December 21, 2017. Plaintiff's Complaint (Doc. 1) asserts a retaliation claim under the FMLA, 29 U.S.C. §§ 2611-2619, against Defendant, his previous employer. The Complaint states that Plaintiff became employed with Defendant on or about January 29, 2016, and was approved for FMLA leave from December 8, 2016, to February 12, 2017. (Complaint at ¶¶ 7, 12.) It alleges that Defendant retaliated against Plaintiff by placing him on a performance improvement plan after he returned from leave and by downgrading his sales territory to one that was "set up to fail," thus triggering his resignation on May 7, 2017. (Complaint at ¶¶ 31, 36.)

Defendant timely answered the Complaint on February 20, 2018, (Doc. 6) and, on the same day, filed a Motion for Judgment on the Pleadings (hereinafter "MJOP," Doc. 7) pursuant to Federal Rule of Civil Procedure 12(c). Defendant argued that, as apparent from the Complaint, Plaintiff was not an Eligible Employee under the FMLA. Specifically, he was not employed for at least 12 months when he commenced his absence from work on December 8, 2016. (MJOP at ¶ 4.) Defendant also argued that Plaintiff was not an Eligible Employee because Defendant employed fewer than 50 employees at or within 75 miles of Plaintiff's worksite. (Id.) In the Answer, Defendant states that Plaintiff never applied for, or received, approval for FMLA leave and that Plaintiff's leave was pursuant to his short-term disability ("STD") benefits. (Answer at ¶ 12.)

The Court set a response deadline to the MJOP for March 12, 2018. On March 15, 2018, as no response had been filed, the Courtroom Deputy Clerk contacted Plaintiff's counsel via email to remind her of the deadline. Plaintiff's counsel responded by email: "I have no response to file. I agree with their [Defendant's] Motion and would ask Judge Bissoon to grant it." Email

from Christi Wallace, Counsel for Plaintiff, to Jim Imhof, Courtroom Deputy Clerk (Mar. 15, 2018, 09:06 EDT).

On March 26, 2018, with the MJOP pending, Defendant filed a combined motion for involuntary dismissal under Federal Rule of Civil Procedure 41(b) and for attorneys' fees to be imposed against Plaintiff as a sanction for filing an "*obviously* and *admittedly* meritless claim, and then compounding that bad-faith conduct by coercively threatening and then pursuing other meritless claims" (hereinafter, "Sanctions Motion," Doc. 10). Defendant alleged that Plaintiff and his counsel either knew or should have known about Plaintiff's ineligibility for FMLA by virtue of the fact that the period from late January to early December 2016 was, obviously, less than 12 months. (Sanctions Motion at ¶ 1.) Defendant also argued that Plaintiff's counsel ought to have pursued dismissal of the FMLA claim upon her realization that Plaintiff was ineligible, but instead "threatened more meritless claims." (Id. at ¶¶ 3-4.)

Plaintiff timely opposed the Sanctions Motion on April 6, 2018 (Docs. 15, 16). In addition to opposing the Sanctions Motion, Plaintiff stated the following in her "response":

- "Plaintiff hereby consents to dismissal of the pending lawsuit,"
- "Plaintiff also asks that Oral Arguments be scheduled in this matter,"
- Plaintiff "ask[s] this Court['s] permission to amend the Complaint to dismiss the FMLA claims and add ADA claims."

(Plaintiff's Response in Opposition to Defendant's Motion for Involuntary Dismissal Pursuant to Rule 41(b) and Request for Fees, hereinafter "Response to Sanctions Motion," Doc. 15.) As to sanctions, Plaintiff argued that the calculation of the timeframe for FMLA eligibility was "an honest mistake," that Plaintiff's statement concerning additional claims was not coercive or a threat, and that Plaintiff was preparing to file a stipulation of dismissal, but that Defendant would not consent. (Plaintiff's Brief in Opposition of Defendant's Motion for Involuntary Dismissal

Pursuant to Rule 41(b) and Request for Fees, hereinafter "Brief Against Sanctions Motion," 3-5.) The Motion further argues that it was Defendant's counsel, not Plaintiff's counsel, who attempted "to coerce" a settlement. (Id. at 11).

The Court ordered a deadline of April 19, 2018, for Defendant's response to the portion of Plaintiff's "Response to Sanctions Motion" that is, in actuality, a motion to amend the Complaint (Doc. 19). Defendant filed a response opposing leave to amend on that date (Doc. 19).

On April 13, 2018, Defendant moved for leave to file a Reply in support of its Sanctions Motion (hereinafter "Motion for Leave to Reply," Doc. 18.). Defendant argued that, as Plaintiff has raised new arguments and allegations in her Response, Defendant should be granted an opportunity to reply to the rest of her Motion. However, the proposed Reply (attached to the Motion for Leave to Reply), contains no meaningfully new arguments or information. Therefore, Defendant's Motion for Leave to Reply (Doc. 18) is **DENIED**.

## ANALYSIS

### I.  Resolution of FMLA claim

The parties consent to the dismissal of the FMLA claim with prejudice. (Docs. 7, 15.) The pleadings—in fact, the Complaint on its own—establish that Plaintiff was ineligible for FMLA leave because he had been employed by Defendant for fewer than 12 months when he began his leave. Therefore, Defendant's MJOP (Doc. 7) is **GRANTED** and Plaintiff's FMLA claim is dismissed with prejudice. Having decided this claim, Defendant's request for involuntary dismissal under Rule 41(b) (Doc. 10), is **DENIED** as moot.

## II. Attorneys' Fees as Sanction

### A. *Propriety of Sanctions*

Defendant has moved for the Court, under its inherent authority, to sanction Plaintiff's counsel by ordering her to reimburse Defendant's fees in securing dismissal.[1] (See generally Sanctions Motion.) Under its inherent powers, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)) (internal quotation marks omitted). This includes the power to discipline attorneys who appear before the Court. In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 189 (3d Cir. 2002). To order attorneys' fees as a sanction under its inherent authority, a court must comply with the mandates of due process and find that a party or counsel has acted in bad faith. See Ferguson v. Valero Energy Corp., 454 Fed. App'x 109, 112 (3d Cir. 2011). The amount of a fee award to a party is limited "to the fees the party would not have incurred but for the bad faith." Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1184 (2017).

The sanctions dispute centers on Plaintiff's counsel's admitted failure to realize that Plaintiff was ineligible for FMLA leave when she filed the Complaint, and then her subsequent failure to take prompt corrective action in this Court once it became clear to her that Plaintiff was ineligible.

Defendant argues that Plaintiff's counsel was on notice concerning her client's FMLA ineligibility prior to her filing of the Complaint;[2] that her client's ineligibility was obvious; that

---

[1] Defendant has not moved for sanctions under Federal Rule of Civil Procedure 11(c).
[2] Defendant states: "Eighteen days before Plaintiff's counsel filed the Complaint with this Court, a Lennox lawyer told Plaintiff's counsel in response to a pre-suit demand letter that Plaintiff's

she threatened to file "more meritless claims"[3] after conceding to defense counsel that her FMLA claim was meritless; and that (at the time of filing on March 26, 2018) she had not filed anything with the Court to voluntarily dismiss the claim she conceded was meritless. (Brief Supporting Sanctions Motion 2, 6-9.)

According to Plaintiff's counsel, while she concedes an error "in calculating the 12-month requirement to qualify for FMLA," (Response to Sanctions Motion 10), defense counsel shares in the blame by failing to call this error to her attention at an earlier stage, failing to consent to a joint stipulation of dismissal with prejudice, running up attorneys' fees, and then using those fees as a bargaining chip to pressure Plaintiff to dismiss future non-FMLA claims. (Id. at 3, 6-8, 12-13.) She argues that none of her mistakes amount to bad faith.

The Court disagrees, and finds that her conduct amounts to bad faith. To be clear, counsel's initial failure to calculate whether her client had worked for 12 months was reckless, and recklessness alone is insufficient for a finding of bad faith. See In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 437 (9th Cir. 1996). However, counsel compounded her reckless mistake through her subsequent conduct. Recklessness amounts to bad faith "when combined with an additional factor such as frivolousness, harassment, or an improper purpose" and "[a] finding of bad faith is warranted where an attorney . . . delays or disrupts the litigation" for an improper reason. 61A Am. Jur. 2d Pleading § 602 (2018).

---

counsel was 'unaware of several key facts' and 'I would encourage you to speak with your client again about his documented performance during his *short tenure* with Lennox, the nature of his leave, and the number of employees who work for Lennox in the Pennsylvania area.'" (Brief Supporting Sanctions Motion 2.)

[3] In an email responding to Defendant's Answer and MJOP, Plaintiff stated that she would "be filing an EEOC Charge for ADA violations. . . . We will also allege ERISA violations once we are able to file suit." (Exhibit C to Brief Against Sanctions Motion.)

Plaintiff's counsel was undoubtedly aware that her lawsuit was meritless on February 21, 2018, when she sent an email to defense counsel stating "[y]ou are in fact correct that FMLA does not apply here." (Exhibit C to Brief Against Sanctions Motion.) Yet, Plaintiff took no action to notify the Court of her new position on the merits, her intent concerning dismissal, or her intent to seek leave to amend until March 15, 2018, when she sent an email to the Courtroom Deputy Clerk (at his prompting). She took no formal action in this Court until April 6, 2018, *after* Defendant filed the Sanctions Motion. Plaintiff's counsel provides no justification for this delay other than her statement that Defendant failed to consent to a stipulation of dismissal under Rule 41(a)(1)(A)(ii). (Brief Against Sanctions Motion 4-5.) This rationale makes little sense. It ignores Rule 41(a)(2), which allows an action to be dismissed at a plaintiff's unilateral request by court order. The Court must conclude that counsel's conduct amounted to stalling the litigation for an improper reason.

The Court therefore finds that counsel's initial recklessness coupled with her subsequent actions delaying the litigation amounts to bad faith. The Court does not make this finding lightly. Putting the matter bluntly, Plaintiff's counsel failed to examine her client's FMLA eligibility at the time she filed the Complaint—even to a cursory degree—and then failed to take timely action on the docket once it was clear to her that her claim was legally invalid. This must constitute bad faith, and the Court will invoke its inherent authority to sanction Plaintiff's counsel for this conduct.[4]

---

[4] In addition, the Court reminds counsel of their obligations under the Pennsylvania Rules of Professional Conduct. Rules 3.1, 3.2, and 3.3, state respectively that: "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous"; "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client"; and "[a] lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

B. *Fee Award*

Defendant is entitled to fees that resulted from counsel's bad faith, and no more. Goodyear, 137 S. Ct. at 1184. In addition, any sanction under the Court's inherent powers must be "tailored to address the harm identified." Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 74 (3d Cir. 1995).

Defendant's request for attorneys' fees in the amount of $21,462.50 is unreasonably high. Defendant's billing affidavit (Exhibit F to Sanctions Motion) provides daily block billing for the time of two attorneys, totaling to the above amount.[5] Using this billing chart to assess the amount of a sanction award would be improper for several reasons: the chart contains charges that would have been incurred absent Plaintiff's counsel's misconduct;[6] the chart contains charges that could easily have been avoided; the chart bills for the time of experienced attorneys when less-experienced attorneys could have performed the relevant tasks; and the chart omits the time spent in support of the Sanctions Motion.

Rather than rely on the billing chart submitted, the Court will use the lodestar method to calculate reasonable attorneys' fees for tasks attributable to counsel's bad faith. See, e.g., Parallel Iron LLC v. NetApp, Inc., 84 F. Supp. 3d 352, 356-57 (D. Del. 2015). The Court will determine the amount of time reasonably expended on the tasks caused by Plaintiff's counsel's bad faith and then multiply that time by the prevailing community market rate. Id.

---

Pennsylvania Rules of Professional Conduct Rules

[5] Attorney James S. Urban, who graduated from law school in 1998, has billed 5.1 hours at $850.00 per hour ($4,335.00) and attorney Sarah L. Thompson, who graduated from law school in 2014, has billed 40.3 hours at $425.00 per hour ($17,127.50). (Exhibit F to Sanctions Motion.)

[6] For example, the first line item, for 6.8 hours, includes time to: "Conduct fact investigation related to allegations in the Complaint; draft/revise answer." (Exhibit F to Sanctions Motion.)

First, the Court finds that the tasks directly caused by counsel's bad faith are limited to those related to filing the MJOP and the Sanctions Motion.  The time attributed to these tasks must be adjusted downward to reflect the fact that defense counsel could have promptly contacted Plaintiff's counsel to discuss the obvious defect in her Complaint, and could have promptly consented to dismissal thereafter.  The Court finds that, under the circumstances above, Defendant is entitled to reimbursement for the following time:

- Seven (7) hours, representing time reasonably spent in support of the MJOP; and
- Seven (7) additional hours, representing time reasonably spent in support of the Sanctions Motion.

The Court finds also, given the level of skill and experience needed to complete these tasks, and given the Pittsburgh market rate for employment law attorneys, the appropriate hourly rate is $350.00.  Therefore, the total sanction appropriately awarded is $4,900.00.[7]  Accordingly, Defendant's Sanctions Motion (Doc. 10) is **GRANTED** in part, and fees are entered, in favor of Defendant and against Kraemer, Manes & Associates LLC, in the amount of **$4,900.00**.

As to Plaintiff's request for oral argument in this matter, the Court finds that the parties' filings contain sufficient information for the Court to reach the above conclusions, and that both parties have had ample opportunity to submit information and arguments to this Court.  Therefore, Plaintiff's request for oral argument (Doc. 15) is **DENIED**.

---

[7] Representing fourteen (14) hours multiplied by $350.00 per hour.

### III. Leave to Amend Complaint

Plaintiff seeks leave to amend his Complaint to assert ADA claims. (Doc. 15.) "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendant argues that Plaintiff should be denied leave to amend his Complaint for three reasons: (1) amendment would be futile in light of the statute of limitations applicable to ADA claims; (2) the request is made in bad faith, or for a dilatory purpose; and (3) there is an insufficient basis on which the Court could exercise its discretion, such as a proposed pleading. (Defendant's Brief in Opposition to Plaintiff's Motion to Amend, hereinafter "Opposition to Amendment," 1, Doc. 19.) The Court is not persuaded by these arguments.

As to Defendant's first argument, under the circumstances discussed in the briefing, the timeliness of the ADA claim depends on whether Plaintiff will sufficiently allege that he was constructively discharged on May 7, 2017. Defendant argues that the facts alleged in Plaintiff's Brief Against Sanctions are insufficient to state a claim for constructive discharge as a matter of law. (Opposition to Amendment 5-13.) Whether or not the Court agrees, the Court cannot know *a priori* what facts Plaintiff will allege to establish constructive discharge, and the Court is reluctant to assume that Plaintiff will allege only those facts stated in its brief. Thus, the Court cannot conclude that an amendment would be futile. As to the second argument, there is insufficient evidence for the Court to find, at this juncture, that Plaintiff's motivation in seeking leave to amend was improper. However, the Court does note that the timing of this request is suggestive; Plaintiff has missed several opportunities to include ADA claims in his Complaint. As to the third argument, while the Court prefers that all requests for leave to amend include a copy of the proposed filing, there is no applicable rule requiring this.

Therefore, Plaintiff's request for leave to amend his Complaint to assert ADA claims (Doc. 15) is **GRANTED**.  Plaintiff's deadline for filing his Amended Complaint shall be **May 1, 2018**.

Plaintiff and his counsel are cautioned: Defendant raises arguments about the statute of limitations that bear on the viability of the yet-to-be-pled ADA claims.  (Doc. 19.)  As discussed above, attorneys owe a duty to their clients, and to the Court, to diligently examine the factual statements and legal arguments in all of their filings.  If an attorney knows that a claim is invalid as a matter of law and creates costs for an opposing party by pursuing such a claim, the Court may impose sanctions for this conduct, as it has done today.

IT IS SO ORDERED.


April 20, 2018                                s\Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record